

**JIM HOOD**
**ATTORNEY GENERAL**

**CIVIL LITIGATION DIVISION**  BENNY M. "MAC" MAY, ESQ.
 SPECIAL ASST. ATTORNEY GENERAL

May 19, 2015

United States Court of Appeals
Office of the Clerk
600 South Maestri Place
New Orleans, Louisiana 70130

    RE:   No. 14-60515   LaVan Yankton, Sr., v. Christopher Epps, et al.
                                      USDC No. 4:14-CV-34

Dear Members of the Court:

    This letter brief is submitted on behalf of Appellees, Marilyn Sturdivant, Christopher Epps, Emmitt Sparkman, Earnest Lee, Faye Noel, Jaqwanna Robinson, Reginald Steward, Lt. Thigpen, Captain Simon, Captain Porter, and Lt. Roach, in response to the brief of Appellant LaVan Yankton ("Yankton").[1]

*Factual Background and Procedural History*

    At all times pertinent, Yankton was a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"). In his Complaint, Plaintiff alleged that MDOC officials will not permit him to grow his hair longer than three inches, the maximum length permitted under MDOC policy. It is

---

[1] Appellees do not request oral argument as the questions presented do not involve any novel or challenging legal or factual issues.

Plaintiff's contention that he is forbidden by the tenets of his chosen religion, "Oglala Sioux." Yankton alleges that, in or around March 2013, correctional officers pinned him down and forcibly cut his hair when he refused to do so himself. ROA.17-18. It is Yankton's contention that the policy in question infringes upon his religious freedom under the First Amendment to the United States Constitution.

In December 2013, Yankton for the first time filed an Administrative Remedy Procedure ("ARP") grievance regarding this issue. ROA.212. That grievance was rejected as having been untimely filed. ROA.212. Yankton appealed the rejection of his grievance but was unsuccessful. ROA.212. He filed no further grievances regarding the complaints asserted in his Complaint, instead choosing to file the instant action. ROA.212.

The district court dismissed Yankton's Complaint *sua sponte* for failure to exhaust administrative remedies. ROA.307-309. Gaines filed the present appeal alleging that the district court's dismissal of his Complaint was in error.

*Standard of Review*

Yankton's Complaint was filed *in forma pauperis* pursuant to the Prison Litigation Reform Act. ROA.180. "The Prison Litigation Reform Act (PLRA) amended § 1915 to require the district court to dismiss *in forma pauperis* (IFP) prisoner civil rights suits if the court determines that the action is frivolous or malicious or does not state a claim upon which relief may be granted. § 1915(e)(2)(B)(i) & (ii); see also, § 1915A(b)(1)." *Black v. Warren*, 134 F. 3d 732, 733 (5th Cir. 1998). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Id*. at 733-734. This Court therefore employs "the same *de novo* standard to review the § 1915(e)(B)(ii) dismissal as [it uses] to review dismissal pursuant to 12(b)(6). *Id*. at 734 (citing *Mitchell v. Farcass*, 112 F. 3d 1483, 1489-90 (11th Cir. 1997); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997); *Atkinson v. Bohn*, 91 F. 3d 1127, 1128 (8th Cir. 1996)).

*Argument*

Appellees, Marilyn Sturdivant, Christopher Epps, Emmitt Sparkman, Earnest Lee, Faye Noel, Jaqwanna Robinson, Reginald Steward, Lt. Thigpen, Captain Simon, Captain Porter, and Lt. Roach, adopt and incorporate herein the Memorandum Opinion and Order of the Honorable District Court Judge Debra M. Brown dated July 1, 2014. ROA.308-9.

Miss. Code Ann. § 47-5-801 (as amended) grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender such as Yankton may seek formal review of a complaint or grievance relating to any aspect of their incarceration. MDOC's ARP received court approval in *Gates v. Collier*, GC 71–6–S–D (N.D. Miss. 1971) (order dated February 15, 1994). Effective September 19, 2010, the ARP process was changed from a three-step process to a two-step process. See *Gates v. Barbour*, No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. 2011).

The ARP's two-step process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator **within thirty days of the incident**. *Howard v. Epps*, No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. 2013). The adjudicator screens the grievance and determines whether to accept it into the ARP process. *Id*. If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. *Id*. If the inmate is unsatisfied with the first response, he may continue to the second step by completing an appropriate ARP form and sending it to the legal claims adjudicator. *Id*. The Superintendent, Warden or Community Corrections Director will issue a final ruling, or Second Step Response. *Id*. If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id*.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. §1983. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). The exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration."

Woodford, 548 at 89 (2006). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford*, 548 U.S. at 83-84. "Indeed. . . a prisoner must now exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." *Booth v. Churner*, 532 U.S. 731, 739 (2001).

As set forth by the United States Supreme Court in Woodford:

The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction.

548 U.S. at 95. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F. 3d 260, 266 (5th Cir. 2010). Furthermore, "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272.

As noted by the District Court, Yankton admitted that he failed to timely exhaust his administrative remedies prior to filing the instant complaint. ROA.309. As such, his Complaint was properly dismissed by the District Court.

Exhaustion issues aside, Yankton's claims rely entirely on the premise that the MDOC's policy regarding hair length infringes upon his rights. This Court has repeatedly rejected constitutional challenges to prison grooming regulations prohibiting long hair, holding that such regulations are rationally related to legitimate penological interests, including security and prisoner identification. *Hicks v. Garner*, 69 F. 3d 22, 25 (5th Cir. 1995) (holding that the Free Exercise Clause did not require an exception to a prison grooming policy that would allow a Rastafarian to grow dreadlocks); *Scott v. Mississippi Department of Corrections*,

961 F. 2d 77, 80-82 (5th Cir.1992) (holding that prison policy requiring short hair did not violate Rastafarian prisoners' right to freely exercise their religion while incarcerated). Furthermore, the MDOC regulation regarding hair length has been closely examined and held constitutional by this Court. *Scott*, 961 F. 2d 77. As such, Yankton's claims would necessarily fail on the merits if allowed to progress that far.

     For these reasons, the judgment of the district court should be affirmed. The Appellees appreciate the Court's consideration of this matter.

                              Highest regards,

                     BY:   */s/ Benny M. "Mac" May*
                              BENNY M. MAY (MSB #100108)

Office of the Attorney General
State of Mississippi
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3680
Telefax: (601) 359-2003
bemay@ago.state.ms.us

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing **Letter Brief** with the Clerk of the Court using the ECF system and that I have this day caused a true and correct copy of the **Letter Brief** to served via U.S. Mail, postage prepaid, upon the following non-ECF participant:

> LaVan Yankton, Sr.
> Mississippi State Penitentiary
> Unit 30, A-B-143
> Post Office Box 1057
> Parchman, MS 38738-0000

This, the 19th day of May, 2015.

>> */s/ Benny M. "Mac" May*
>> BENNY M. MAY

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record hereby certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. LaVan Yankton, *Pro Se*, Plaintiff-Appellant;
2. Marilyn Sturdivant, Defendant-Appellee;
3. Christopher Epps, Defendant-Appellee;
4. Emmitt Sparkman, Defendant-Appellee;
5. Earnest Lee, Defendant-Appellee;
6. Faye Noel, Defendant-Appellee;
7. Jaqwanna Robinson, Defendant-Appellee;
8. Reginald Steward, Defendant-Appellee;
9. Lt. Thigpen, Defendant-Appellee;
10. Captain Simon, Defendant-Appellee;
11. Captain Porter, Defendant-Appellee;
12. Lt. Roach, Defendant-Appellee;
13. Benny M. May, Esq., Counsel for Appellees;
14. Tommy D. Goodwin, Esq., Counsel for Appellees; and
15. Jim Hood, Esq., Attorney General, State of Mississippi.

                                    */s/ Benny M. "Mac" May*
                                    BENNY M. MAY