# United States Court of Appeals Fifth Circuit

U.S. COURT OF APPEALS RECEIVED JUN 08 2015 FIFTH CIRCUIT

LaVan Yankton Sr., Appellant

v.

Christopher Epps, Commissioner, et al.

USDC No. 4:14-CV-34

Appellees.

5th Cir. Case No. 14-60515

**REPLY TO ANSWER**

DATE: May 26, 2015

1) In response to the Appellee's letter brief, dated May 19, 2015

## Factual Background

2) Mississippi Department of Corrections (MDOC), "Policy, Procedure, and Practice Allow freedom in personal grooming EXCEPT when a valid interest justifies otherwise." See Standard Operation Policy (SOP), No. 20-07-01.

3) Yankton has been litigating his right to religious exercise under the Religious Land Use and Institu-

tionalized Person Act (RLUIPA)(2000). Not under the Freedom of Religion Clause of the First Amendment (1787).

4) Yankton asked for more time because of the Influence of, eligible to seek Judicial review within 30 days of receipt of the Second Step Response" in State Court, Not in Federal Court.

5) He had filed the First Administrative Remedies Program (ARP) in 2011, and received the First Step back on 6-15-11, which he Appealed, and received the Second (Final) Step Around 7-30-11, "fulfilled the requirements of the [ARP] and is eligible to seek Judicial review." See ARP No. SMCI-11-770, was timely and in complies with MDOC.

## Standard Of Review

6) "Grievance should give prison officials fair notice... time and opportunity to address complaints internally." Johnson, V. Johnson, 385 F.3d 505, at 517 (5th Cir. 2004) Prisoner need not continue to file grievances about the same issue regarding a prison policy, they need not file grievances regarding subsequent incidents in which the policy is applied. Id. at 521.

7) The lawsuit is not based entirely on MDOC denying an American Indian the only reasonable opportunity to exercise his faith.

8) Other constitutional violations which derive from MDOC's strangling of a (Four-Point) restraint, Yankton, until he seen stars, to cut his hair, and failure to provide Medical attention for three days, because he is a half blooded Indian.

9) A "reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Scheanll V. Quarterman, 482 F.3d 815, at 819 (5th Cir., 2007) quoting Miller-El V. Cockrell, 537 U.S. 322, 336-37, 123 S.Ct. 1029; And Slack V. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595; Also 28 U.S.C. § 2253(c)

## Procedural Argument

10) Appellees relying on the holding in "Hick V. Garner, 69 F.3d 22, 25 (5th Cir., 1995); And Scott V. MS. Dep't. of Corr., 961 F.2d 77, 80-82 (5th Cir., 1992). Is wrong for Four (4) reasons.

    A) First, both are predecessors to RLUIPA, which poses a far greater challenge than does Turner to prison policy. See Freeman V. Texas Dep't. of Criminal Justice, 369 F.3d 854, at 858 (5th Cir., 2004)

    B) Second, both collateral attacks which relate to security, and identification, Are not the collateral attack in Yankton's case, "the risk that head lice" would "spread, through the building would be greatly increased." See ARP. No. SMCI-11-770. Offensive collateral estoppel, prevent relitigation of issue which has already been tried between

the same parties, it must be pleaded affirmatively. See Fed. R. Civil P. 8(c)

C) Third, their both Rastafarian religious freedom issues. Yankton's an Native American "religious exercise" of the Oglala Sioux, and,

D) Four, once again, unlike Hicks or Scott above Yankton has no opportunity to exercise his traditional religious beliefs without the exception, "without fear of penalty." See Cruz V. Beto, 405 U.S. 319, 322, at FN 2, 92 S.Ct. 1079 (1972), and Cooper V. Pate, 378 U.S. 546, 84 S.Ct. 1733 (1964).

11) The ARPs are exhausted with SMCI-11-772, for the Prison Litigation Reform Act (PLRA), and Appellant has shown in the early appealing, dated April 10, 2015. That the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336, id. And "states a valid claim of the denial of a constitutional right." Slack, 529 U.S. at 478, id. Also a COA should be issued. 28 U.S.C. § 2253(c).

12) Pursuant to 28 U.S.C. § 1746, I, LaVan Yankton Sr., declare and verify under penalty of perjury under the United States of America, and that he is exercising the Mailbox Rule under Fed. R. App. P. 4(c)(1), and Houston V. Lack, 487

U.S. 266, 108 S.Ct. 2379, 101 L.Ed. 2d 245 (1988) that the foregoing is true and correct.
Executed at: Chickasaw County Regional Corr. Facility, on May 27, 2015. _____ Pro se
LaVan Yankton Sr., Pro se

## Certificate of Service

13) I hereby certify that a true and correct copy of the copy of the Reply was placed in the hands of Inmate Legal Assist Program (ILAP), Ms. Huffman, to provide copies and the proper postage, at C.C.R.C.F. for deliver to:

Clerk of,
United States Court of Appeals Fifth Circuit
600 S. Maestri Place,
New Orleans, Louisiana 70130
  The original with three (3) copies.

Attorney General Office
550 High Street, Walter Sillers Building
Jackson, Mississippi 39201
  One (1) copy.

_____ Pro se